# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA SEYMOUR,<br><br>                Plaintiff,<br>  vs.<br><br>UNITED STATES DEPARTMENT OF DEFENSE; et al.,<br><br>               Defendants. | CASE NO. 10-CV-983 JLS (POR)<br><br>**ODER: DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(Doc. No. 32) |

      Presently before the Court is Plaintiff Jessica Seymour's motion for emergency injunctive relief. (Doc. No. 32.) The Court construes Plaintiff's motion as a request for a temporary restraining order. In light of the law regarding such injunctive relief and the arguments Plaintiff presents, the motion is **DENIED**.

## LEGAL STANDARD

      Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc. (NRDC)*, — U.S. —, 129 S.Ct. 365, 374 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 128 S.Ct. 2207, 2218–19 (2008)); *see also Am. Trucking Ass'ns, Inc. v. City of*

*Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *NRDC*, 129 S.Ct. at 376. This "clear showing" requires Plaintiff to show more than a mere "possibility" of irreparable harm, but instead she must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* at 375 (emphasis in original); *Am. Trucking Ass'ns*, 559 F.3d at 1052.

Further, when a plaintiffs has not provided notice of her motion to the defendant, Federal Rule of Civil Procedure 65(b)(1) imposes additional requirements prior to the issuance of a temporary restraining order.

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

## ANALYSIS

As stated above, Plaintiff's motion must be **DENIED**.  She has not satisfied Rule 65(b)(1)'s requirements for the issuance of a temporary restraining order without notice and has not shown that she is likely to succeed on the merits of her case.  Without these showings, the Court is precluded from issuing a temporary restraining order.  *NRDC*, 129 S.Ct. at 375–76.

**I.   PROPRIETY OF A WITHOUT NOTICE TEMPORARY RESTRAINING ORDER**

To begin with, Plaintiff has provided no indication that she served the Defendants with the present motion.  As such, she must meet one of the two requirements of Rule 65(b)(1).  First, Plaintiff has not certified that she made any efforts to give notice of this motion to the Defendants nor has she explained why notice should not be required.  The Court can only presume that she did not try to serve and that this motion does not meet the requirements of Rule 65(b)(1)(B).

As to Rule 65(b)(1)(A), Plaintiff has also not shown that she is entitled to a restraining order without notice under that provision.  Although Plaintiff's First Amended Complaint (FAC) is verified, it does not "show that  immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *see also* Doc. No. 8 (FAC).  Certainly both the FAC and the restraining order motion make serious allegations, but there

is no indication that any injury is so imminent that there is no time to hear Defendants in opposition to the motion. This is further supported by the fact that Plaintiff filed this case May 6, 2010 and the First Amended Complaint on June 4, 2010. (Doc. Nos. 1 & 8.) Given the already substantial time lapse from the filing of the case it is not unreasonable that Defendants should have the opportunity to respond prior to the issuance of an injunction against them. As such, the Court must **DENY** Plaintiff's motion for failure to provide notice to Defendants.

## II.     LIKELIHOOD OF SUCCESS ON THE MERITS

Further, Plaintiff has not shown that she is likely to succeed on the merits of her claims. For purposes of this motion, the Court will presume, without deciding, that Plaintiff is likely to suffer an irreparable injury should injunctive relief not issue. However, even with that presumption there are several reasons why Plaintiff's claims are fatally flawed.

First, the FAC simply does not set forth any viable legal theory supported by facts sufficient to enter judgment in her favor. For example, Plaintiff repeatedly accuses Defendants of fraud. (*See, e.g.*, FAC ¶¶ 8, 16, & 17.) In California, "[t]he elements of fraud . . . are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Small v. Frits Cos., Inc.*, 65 P.3d 1255, 1258 (Cal. 2003) (quoting *Lazar v. Superior Court*, 909 P.2d 981, 984 (Cal. 1996)). Plaintiff's allegations address none of those elements. Further, Federal Rule of Civil Procedure 9(b) requires that allegations of fraud be pled with particularity. The allegations here do not satisfy that heightened pleading standard.

Similarly, Plaintiff accuses Defendants of Negligent Infliction of Emotional Distress. (FAC ¶¶ 17 & 24.) Negligent infliction of emotional distress "is a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply." *Huggins v. Longs Drug Stores Cal., Inc.*, 862 P.2d 148, 151 (Cal. 1993). The relevant "duty may be imposed by law, be assumed by the defendant, or exist by virtue of a special relationship." *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 807 (Cal. 1993) (citing *Marlene F. v. Affiliated Psychiatric Med. Clinic*, 770 P.2d 278, 282 (1989)). In this case, it is not clear what duty Defendants owed Plaintiff, how they breached that duty, or what damages were caused thereby.

1       Neither can the Court draw out any other legal claim from the FAC or her motion for a
2 temporary restraining order on which Plaintiff is likely to prevail. In other words, Plaintiff must offer
3 both a cognizable legal theory and facts sufficient to allow her to succeed on the merits of that theory.
4 The allegations presently before the Court do not satisfy that standard.

5       Moreover, the Court is concerned that this entire matter may be barred by principles of claim
6 preclusion. "The doctrine of claim preclusion (res judicata) provides that a final judgment on the
7 merits bars a subsequent action between the same parties or their privies over the same cause of action.
8 'The judgment prevents litigation of all grounds and defenses that were or could have been raised in
9 the action.'" *In re Imperial Corp. of Am.*, 92 F.3d 1503, 1506 (9th Cir. 1996) (citations omitted).

10      This Court has already dismissed two cases filed by Plaintiff with very similar allegations to
11 the ones in this case. *See Seymour v. Department of Homeland Security* (*Seymour I*), 10-cv-678-JLS
12 (POR); *Seymour v. United States Department of Defense* (*Seymour II*), 10-cv-770-JLS (NLS).
13 Plaintiff appealed one of those dismissals and the Ninth Circuit affirmed. (*See Seymour II*, Doc. Nos.
14 4, 6, & 10.) Further, Judge Huff recently dismissed another case filed by Plaintiff with similar
15 allegations against numerous state defendants. *See Seymour v. California* (*Seymour III*), 10-cv-1155-
16 H (POR).

17      The similarity of the allegations and defendants in these three actions to those in this case lead
18 the Court to suspect that Plaintiff may be barred from pursuing this case based on the dismissal of her
19 prior cases. This is a further reason why the Court must find that she is not likely to succeed on the
20 merits of this claim.

21      Since Plaintiff has not established her likelihood of success on the merits as required by the
22 United State Supreme Court and the Ninth Circuit Court of Appeal, her motion for a temporary
23 restraining order must be **DENIED**.

24 //
25 //
26 //
27 //
28 //

**CONCLUSION**

For the reasons stated, Plaintiff's motion for a temporary restraining order is **DENIED**.

IT IS SO ORDERED.

DATED: August 26, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge