UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA SEYMOUR,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br><br>UNITED STATES DEPARTMENT OF DEFENSE, et al.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 10-CV-983 JLS (JMA)<br><br>**ORDER: (1) DENYING CHALLENGE TO DISTRICT JUDGE; (2) DENYING MOTION FOR CHANGE OF VENUE; (3) DISMISSING ACTION WITH PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i); (4) DENYING REMAINING MOTIONS AS MOOT**<br><br>(Doc. Nos. 16, 18) |

　　　Plaintiff Jessica Seymour, who is proceeding pro se and *in forma pauperis* (IFP) (Doc. No. 7 (granting motion for leave to proceed IFP)), has submitted a third amended complaint alleging forty-two causes of action against over one hundred defendants. (Doc. No. 77 (TAC).) Also before the Court are Plaintiff's earlier filed "Challenge for Cause" against the undersigned District Judge (Doc. No. 18 (Recusal Mot.)) and motion for change of venue (Doc. No. 16 (Venue Mot.)).[1] After full consideration of the issues, the Court **DENIES** Plaintiff's recusal motion, **DENIES** Plaintiff's motion for change of venue, and **DISMISSES** this action **WITH PREJUDICE** pursuant to 28 U.S.C.

---

[1] At the Court's request, counsel for the various federal Defendants responded to Plaintiff's recusal motion and motion for change of venue. (Doc. No. 45.)

- 1 -　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　10cv983

§ 1915(e)(2)(B)(i).[2]

## BACKGROUND

Plaintiff filed this Federal Tort Claims Act (FTCA) action on May 6, 2010. (Doc. No. 1.) On June 4, 2010, the Court granted Plaintiff's motion to proceed IFP. (Doc. No. 7.) Since then, Plaintiff has thrice amended her complaint (Doc. Nos. 8, 48, 77) and filed a host of motions (*e.g.* Doc. Nos. 16, 18, 32, 58, 80, 82, 99).

Plaintiff's operative third amended complaint alleges a vast conspiracy, beginning in 2004, involving scores of governmental and private actors. (*See* TAC.) According to Plaintiff, the conspiracy stems from "personal issues Defendants have due to their hate and their pre-existing vendetta against the family of a man" Plaintiff began dating in April 2004. (*Id.* ¶ 10.) By way of example, Plaintiff alleges that Defendants conspired to install video cameras in her house "to gain sexual footage of [her] for the conspired scheme to set [her] up to look like a prostitute" (*id.* ¶ 12); that she was "driven off the road, sexually violated, harassed, stalked, and tormented" (*id.* ¶ 13); that Defendants conspired to "defraud [her] out of [her] Home Affordable TARP Fund Modification" (*id.* ¶ 14); and that Defendants threatened to "have a [two] person psychiatric team take [her] away to the mental hospital" if she reported the alleged crimes (*id.* ¶ 13).

## RECUSAL MOTION

**1. Legal Standard**

Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test for recusal under § 455(a) is an objective one; a judge must recuse herself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quoting *Clemens v. U.S. Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005)) (internal quotation marks omitted); *accord Liteky v. United States*, 510 U.S. 540, 548 (1994). "The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *Holland*,

---

[2] All further statutory references are to Title 28 of the United States Code, unless otherwise indicated.

1 | 519 F.3d at 913 (quoting *In re Mason*, 916 F.3d 384, 386 (7th Cir. 1990)).

Recusal under § 455(a) is limited by the extrajudicial source doctrine, "which generally requires as the basis for recusal something other than rulings, opinions formed[,] or statements made by the judge during the course of the trial." *Id.* at 913–14. "Put differently, the judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal under § 455(a)." *Id.* at 914. The doctrine applies with equal force if the basis for recusal is attributable to prior judicial experience. *See Clemens*, 428 F.3d at 1178–79 (holding that "prior rulings in . . . another proceeding, solely because they were adverse," ordinarily are not sufficient to require recusal under § 455(a)).

**2. Analysis**

According to Plaintiff, the undersigned should recuse herself from hearing the instant case because "a reasonable member of the public at large, aware of all the facts, would fairly entertain doubts" as to the undersigned's partiality.[3] (Recusal Mot. 1.)

The first basis for Plaintiff's recusal motion is easily dispatched. Plaintiff complains of the undersigned's dismissal with prejudice of two earlier-filed actions, *Seymour v. United States Department of Defense*, Case No. 10-CV-678 JLS (POR) (*Seymour I*) and *Seymour v. United States Department of Defense*, Case No. 10-CV-770 JLS (POR) (*Seymour II*). (Recusal Mot. 2 (referring to the undersigned's "unnecessary assigning of prejudice to [Plaintiff's] request for the protection of a restraining order . . . and petition to have depositions ordered prior to bringing suit [sic]"); *see Seymour I*, Doc. No. 5; *Seymour II*, Doc. No. 4.) Under the extrajudicial source doctrine, however, prior rulings generally do not justify recusal, and this is not an exceptional case. Accordingly, undersigned's rulings in *Seymour I* and *Seymour II* do not provide a basis for recusal.

Second, Plaintiff contends that a reasonable person would question the undersigned's impartiality because "all of [Plaintiff's] court transactions get steered to" this Court. (Recusal Mot. 2.) This argument lacks merit. Pursuant to the "low-number rule," "all pending civil actions and proceedings, which are determined to be related . . . will be assigned to the district and magistrate

---

[3] Plaintiff asserts that California Code of Civil Procedure section 170.1(a)(6)(A) governs her motion. (Recusal Mot. 1.) The California Code of Civil Procedure, however, does not bind federal courts.

- 3 - 10cv983

1 judge to whom the lowest numbered case was assigned." S.D. Cal. Civ. R. 40.1(h). Civil actions are
2 related if, *inter alia*, they "arise from the same or substantially identical transactions, happenings, or
3 events." S.D. Cal. Civ. R. 40.1(d)(1). Plaintiff's complaints in *Seymour I*, *Seymour II*, and this action
4 all arise from the same alleged conspiracy. (*See* TAC; *Seymour II*, Doc. No. 1; *Seymour I*, Doc. No.
5 1.) Thus, the District Court Clerk properly assigned all of Plaintiff's cases to this Court pursuant to
6 Local Civil Rule 40.1. (*E.g.*, Doc. No. 4 (transferring case pursuant to low number rule).) Under the
7 circumstances, a reasonable person with knowledge of all the facts would not question the
8 undersigned's impartiality.

9 Third, Plaintiff contends that the undersigned should recuse herself because Plaintiff named
10 the undersigned as a defendant in a separate "conspiracy law suite [sic] related to this FTCA suit."
11 (Recusal Mot. 2; *see Seymour v. California*, Case No. 10-CV-1155 H (POR) (*Seymour III*).) The
12 undersigned never appeared in the case; it was dismissed with prejudice on motion of the United
13 States as *amicus curiae*. (*Seymour III*, Doc. No. 11.) On these facts, recusal would be inappropriate
14 because it would imply that a litigant may "fire" her trial judge simply by filing a baseless complaint
15 in a different forum. *See Te-Ta-Ma Truth Foundation–Family of URI, Inc. v. World Church of the*
16 *Creator*, 246 F. Supp. 2d 980, 987 (N.D. Ill. 2003) ("[A] judge is not subject to disqualification merely
17 because a litigant sues the judge."); *see also Holland*, 519 F.3d at 912 ("[I]n the absence of a
18 legitimate reason to recuse himself, 'a judge should participate in the cases assigned.'" (quoting *Maier*
19 *v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985))).

20 **3. Conclusion**

21 For the reasons stated, Plaintiff's recusal motion is **DENIED**.

22 **MOTION FOR CHANGE OF VENUE**

23 Apparently as an alternative to her recusal motion, Plaintiff also requests a change of venue.
24 (*See* Venue Mot.) Specifically, Plaintiff "ask[s] that the Venue of [her] Federal Tort Claims Act suit
25 be transferred out of the Southern District and moved to San Francisco where human rights,
26 constitutional rights[,] and civil rights are paramount to personal vendettas covering up for
27 government corruptions." (*Id.* at 2.)

28 Under § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it might have been brought." Section 1402, which governs actions under the FTCA, *Smith v. United States*, 507 U.S. 197, 203 (1993), provides that claims under the statute may be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred," § 1402(b).

Plaintiff's motion fails because she may only bring her FTCA action "in the judicial district where the plaintiff resides or wherein the act or omission occurred." § 1402(b). Plaintiff resides in the Southern District of California, and the acts or omissions complained of in the TAC took place in and around San Diego. (*See generally* TAC.) Section 1404 therefore forbids the transfer Plaintiff requests because this action could not have been brought in the Northern District of California. *See* § 84(a).

For the reasons stated, Plaintiff's motion for change of venue is **DENIED**.

## DISMISSAL PURSUANT TO § 1915(e)(2)(B)

**1.    Legal Standard**

Notwithstanding the payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP is subject to a mandatory sua sponte review and dismissal to the extent that it (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B)(i)–(iii); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners . . . ."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.").

A complaint "is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the Court need not accept the allegations of the complaint as true, but must "pierce the veil of the complaint" to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 1831, 1833). A finding of factual frivolousness is appropriate if "the facts alleged

1  rise to the level of the wholly irrational or the wholly incredible, whether or not there are judicially
2  noticeable facts available to contradict them."[4] *Id.* at 33.

3  **2.   Analysis**

4      Plaintiff's complaint rises "to the level of the wholly irrational or wholly incredible." *Id.* In
5  a detailed 118-page complaint, she complains of a conspiracy so vast in its scope and diverse in its
6  membership that it would make the most ardent conspiracy theorist blush. Defendants have allegedly
7  conspired to make Plaintiff look like a terrorist (TAC ¶¶ 7b, 19), sexually assault her in front of hidden
8  video cameras (*id.* ¶ 7c), introduce marijuana into her system by blowing it at her in confined areas
9  (*id.* ¶ 8), lure her to Mexico (*id.* ¶ 19), and force her into bankruptcy (*id.*). The named defendants
10 include, among others, the United States and its agencies, including the Department of Defense, the
11 Treasury Department, the United States Postal Service, the Federal Bureau of Investigation, and the
12 Central Intelligence Agency; California and its agencies, including the California Franchise Tax Board
13 and the California Department of Real Estate; the City and County of San Diego and their respective
14 agencies, including the San Diego Superior Court and the San Diego Police Department; businesses
15 such as 24 Hour Fitness, "Craigs List [sic]," Chase Bank, "Toyota Lexas Financial [sic]," and Oggi's
16 Pizza; various homeowner associations; and others. (TAC.) Plaintiff contends that the Court has
17 jurisdiction under § 1343, or "the appropriate State or Federal Statute." (*Id.* at 4.)

18     The Court finds that the allegations contained in Plaintiff's TAC lack an arguable basis in
19 either law or fact. *See Denton*, 504 U.S. at 32–33; *Neitzke*, 490 U.S. at 325. Accordingly, the Court
20 will dismiss the complaint as frivolous pursuant to § 1915(e)(2)(B)(i). Further, the Court finds that
21 the defects in the complaint are incurable, so that Plaintiff will not be granted leave to amend.[5]

---

[4] Further, a district court lacks subject matter jurisdiction if the claim before it is "wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83 (1946). However, the Court need not premise its decision on a lack of subject matter jurisdiction because § 1915(e)(2)(B)(i) provides an independent basis for dismissal of frivolous claims by litigants proceeding IFP, like Plaintiff.

[5] "[I]nsubstantial and frivolous conspiracy theory claims" like Plaintiff's are routinely dismissed as frivolous and without leave to amend. *Ticktin v. Central Intelligence Agency*, 2009 WL 976517, at *3 (D. Ariz. Apr. 9, 2009) (dismissing complaint alleging that CIA targeted plaintiff after plaintiff discovered that CIA used fabric companies as fronts to launder money and distribute illegal narcotics); *see Lynn v. Dubowski*, 1998 WL 732805, at *1–2 (10th Cir. Oct. 19, 1998) (affirming dismissal of complaint alleging that juror's wife, prosecuting attorney, defense counsel, and trial judge conspired to deprive plaintiff of his constitutional rights); *Czmus v. United States*, 2010 WL 438090,

**3. Conclusion**

For the reasons stated, Plaintiff's third amended complaint is **DISMISSED WITH PREJUDICE**.

**CONCLUSION**

For the reasons stated, the Court **DENIES** Plaintiff's recusal motion, **DENIES** Plaintiff's motion for change of venue, and **DISMISSES** this action **WITH PREJUDICE** pursuant to § 1915(e)(2)(B)(i). All motions that remain pending in this action are **DENIED AS MOOT**. (Doc. Nos. 58, 80, 82, 99.) This Order concludes the litigation in this matter. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: February 24, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

at *1, 3 (D.R.I. Feb. 4, 2010) (dismissing complaint alleging that agents of Department of Homeland Security "continually and relentlessly conduct[ed] baseless surveillance" to cause Plaintiff to question whether he was mentally ill); *Yacoub v. United States*, 2007 WL 2745386, at *1 (W.D. Wash. Sept. 20, 2007) (dismissing complaint alleging that various defendants conspired to control plaintiff's mind using, *inter alia*, toxic chemicals, telepathy, color coding, and astral bodies); *Carone-Ferdinand v. Central Intelligence Agency*, 131 F. Supp. 2d 232, 232–33 (D.D.C. 2001) (dismissing complaint alleging that defendants including CIA, United States Army, and Oliver North conspired to cover up plaintiff's father's involvement in government-sanctioned illegal activity); *O'Brien v. U.S. Dep't of Justice*, 927 F. Supp. 382, 384–85 (D. Ariz. 1995) (dismissing complaint alleging that various defendants installed electronic equipment on plaintiff's telephone lines and conducted "criminal, sadistic oral, lascivious, lewd attacks[,] and rape assaults" against plaintiff).